

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# Gary Bivins v. Pennsylvania Board o

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4115

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Gary Bivins v. Pennsylvania Board o" (2009). *2009 Decisions.* Paper 1483.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1483

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-139                                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4115
_____

GARY BIVINS,
                                                                Appellant

v.

PENNSYLVANIA BOARD OF PROBATION & PAROLE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-01-cv-02451)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2009

Before:  McKEE, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed: April 23, 2009 )
_____

OPINION
_____

PER CURIAM

     On June 19, 2003, this Court, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), dismissed

as frivolous appellant Gary Bivins' appeal from the District Court's dismissal of his

original case for lack of merit.  Bivins, proceeding pro se, then filed on August 25, 2008,

a motion for reconsideration of and a return of the filing fees paid to both the District Court and this Court in his original case. In his motion, he argued that the filing fee provisions of the Prison Litigation Reform Act ("PLRA") did not apply to "habeas corpus challenges to the parole procedures, such as the one petitioner filed" in his original case. The District Court denied his motion on September 2, 2008, noting that this Court had held that Bivins' original complaint was, in fact, a 42 U.S.C. § 1983 action, and not a 28 U.S.C. § 2254 habeas corpus petition. Bivins then filed the instant appeal on October 3, 2008, and this Court granted his IFP motion.

We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291, and review it for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

The District Court is correct that this Court determined Bivins' original complaint was a § 1983 action. In our per curiam opinion, this Court stated: "Bivins argues that the District Court misconstrued his complaint and argues that the District Court 'sought to evade . . . the real nature' of his cause of action by labeling it either a § 1983 or a § 2254 action. We disagree . . . Here, the substance of Bivins' complaint indicates that the District Court properly construed it as filed pursuant to § 1983." Furthermore, 28 U.S.C. § 1915 makes clear that filing fees shall be assessed, and makes no provision for a refund

2

of such fees.  <u>See</u> 28 U.S.C. § 1915(b)(1)("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

As a result, we determine that Bivins' appeal is lacking in arguable legal merit, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).